[S. F. No. 987. Department One.—April 8, 1898.]

WILLIAM M. GILLESPIE, Administrator, etc., et al., Appellants, v. ELLEN GOULY, Administratrix, etc., et al., Respondents.

ACTION TO QUIET TITLE—POSSESSION OF DEFENDANT—JURY TRIAL.—In an action under section 738 of the Code of Civil Procedure, brought by a party out of possession, against one claiming title and in possession, and asking for a restitution of the premises, either party is entitled to a jury trial as a matter of right.

ID.—AVOIDING TITLE UNDER EXECUTION—MENTAL INCOMPETENCY—NONSUIT—QUESTION FOR JURY.—Where the action was brought by heirs of a deceased woman, who sought to avoid a title claimed by the defendants under an execution sale had as the result of a litigation begun and carried on while she was mentally unsound and incapable of acting for herself, and was not represented by guardian, the facts being known to the person who sued and obtained the sheriff's deed and to each of the grantees claiming under him, if the evidence establishes such facts and the knowledge of them, the result of the litigation amounted to nothing, and the title claimed under the execution sale should be avoided at the instance of her heirs; and where the evidence for the plaintiff tended to show them, a nonsuit should not be granted, but the question should be submitted to the jury upon the evidence offered and any further evidence which might be introduced by the defendants.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

John B. Carson, and Theodore Savage, for Appellants.

Dunne & McPike, and George H. Perry, for Respondents.

GAROUTTE, J.—This action is brought by James and Edward Gilfeather and William M. Gillespie, administrator of the estate of Dennis Gilfeather, deceased, against Ellen Gouly, administratrix of the estate of Bridget O'Hara, deceased, James V. Lawrence and J. J. Rauer. The Gilfeathers are sons of Ann Gilfeather, now deceased, and Bridget O'Hara was a sister of Ann Gilfeather, deceased. The defendants Lawrence and Rauer appeared and filed a general denial to the verified complaint, and

such appearance was wholly unjustified under the law. But, as we view the case, their status in the litigation is unimportant, and we pass them by.

Ann Gilfeather was the owner of a lot in the city of San Francisco. The defendant Lawrence recovered a judgment against her, and under execution levied upon and sold this lot. He became the purchaser at the sale, secured a deed, and thereafter sold to Rauer, who thereafter transferred by quitclaim deed his interest to Bridget O'Hara. The complaint in this action is based upon two counts, but we shall direct our attention to the first count alone. The action is brought by these plaintiffs as heirs of Ann Gilfeather, deceased, against the administratrix of the estate of Bridget O'Hara to quiet their title to this particular lot of land, the complaint setting out that they are out of possession and the defendant is in possession and asking for a restitution of the premises. Defendant admits her possession and claims title. Plaintiffs claim that the title to the property rested in Ann Gilfeather at the time of her death, and allege that prior to the action brought by Lawrence against her, and at all times subsequent thereto, she, the said Ann Gilfeather, was entirely incompetent to transact business, and had no guardian. It is further alleged that Bridget O'Hara and the defendants, Lawrence and Rauer, knew these facts at the time they dealt with the property. For these reasons it is claimed that no title to the lot ever passed to Bridget O'Hara, inasmuch as the title never passed from Ann Gilfeather under the execution proceedings inaugurated by Lawrence. Defendants were granted a nonsuit, and plaintiffs prosecute this appeal from the judgment and order denying their motion for a new trial.

This action may be said to be one of those statutory actions authorized by section 738 of the Code of Civil Procedure. It is an action brought to quiet title by a party out of possession against one claiming title and in possession. In such an action either party is entitled to a jury as a matter of right. (*Donahue v. Meister,* 88 Cal. 121; 22 Am. St. Rep. 283; *Newman v. Duane,* 89 Cal. 597; *Hughes v. Dunlap,* 91 Cal. 385; *Taylor v. Ford,* 92 Cal. 419; *Landregan v. Peppin,* 94 Cal. 465.)

⸱ There is evidence in the record tending to support the allegations of the complaint to the effect that the litigation inaugurated by Lawrence against Ann Gilfeather was inaugurated and carried on at a time when Ann Gilfeather was mentally unsound and incapable of acting for herself, and was not represented by a guardian. There is also other evidence tending to show that these facts were known to Lawrence and the grantees under the sheriff's deed. If the evidence established these facts, the result of the litigation brought by Lawrence amounted to nothing, and the deeds thereafter following the execution sale should be set aside at the instance of the heirs of Ann Gilfeather, deceased. From the record we are not entirely clear as to the particular grounds upon which the nonsuit was granted, but in view of the fact that the cause possessed the elements of an action at law, and that a trial by jury was a matter of right, we are satisfied that it should have been submitted to the jury upon the evidence offered and any further evidence the defendant may have desired to introduce.

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

Van Fleet, J., and Harrison, J., concurred.