[S. F. No. 4277.  In Bank.—January 21, 1908.]

WILLIAM M. GILLESPIE, Administrator, etc., et al., Appellants, v. ELLEN GOULY, Administratrix, etc., Respondent.

ADVERSE CLAIM OF REAL PROPERTY—DEVISEES OF DISTINCT TRACTS OF LAND—JOINDER AS PLAINTIFFS.—Devisees in severalty of distinct tracts of land under the same will have a common source of title, and under section 381 of the Code of Civil Procedure, may unite as plaintiffs in an action brought under section 738 of that Code, to remove from their title the cloud of a fraudulent deed executed by their testator, which affected the whole land.

ID.—MISJOINDER OF PLAINTIFFS—DISMISSAL OF PLAINTIFF WITHOUT INTEREST—JUDGMENT.—Where a party without interest in the controversy is improperly joined as a party plaintiff, he should be dismissed from the action, and, under section 578 of the Code of Civil Procedure, a judgment should then be rendered in favor of the remaining plaintiffs, upon findings in their favor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  M. C. Sloss, Judge.

The facts are stated in the opinion of the Court, and in the opinion in *Gillespie* v. *Gouly,* 120 Cal. 515.

John B. Carson, Carlton W. Greene and Lewis & Royce, for Appellants.

Henry C. McPike, for Respondent.

HENSHAW, J.—The facts necessary for an understanding of this action will be found stated in the former opinion of *Gillespie* v. *Gouly,* 120 Cal. 515, [52 Pac. 816].  The plaintiffs sued to recover the real property as the heirs at law of Ann Gilfeather, deceased, who was the original owner of it and who had been defrauded of it by a judgment and proceedings taken thereunder while she was insane.  Upon a retrial of the cause the court found these facts to be as charged.  The answer, however, had affirmatively pleaded that these plaintiffs had no interest in the property as heirs at law of Ann Gilfeather, deceased, for the reason that Ann Gilfeather had died testate and by her will had specifically devised the prop-

erty in question to two of her sons, that is to say, to her son
Dennis one half of the property, specifically devised by metes
and bounds, and to her son Edward the other moiety. The
court found in accordance with the allegations of the answer.
It further found that while these two sons took as devisees
under the will of their mother, the third plaintiff, James, was
not interested in the property or in the subject-matter of the
action at all. There thus resulted, at least so far as the
plaintiff James is concerned, a misjoinder of parties plaintiff.
The court therefrom concluded that all of the plaintiffs must
fail in their action, and gave judgment accordingly in favor
of defendant. This appeal is upon the judgment-roll alone,
and it is contended that the court, under its findings of fact
above adverted to, erred in the judgment which it gave.

The action is one, the bringing of which is authorized under
section 738 of the Code of Civil Procedure. Section 381 of
the same code declares that any two or more persons claiming
any estate or interest in land under a common source of title,
whether holding as tenants in common, joint tenants, co-
partners, or in severalty, may unite in an action against any
person claiming an adverse estate or interest therein, for the
purpose of determining such adverse claim, etc. The plaintiffs
Dennis and Edward, claiming as devisees, the common source
of title being the will of their deceased mother, and seeking
to remove from their title the cloud of the fraudulent deed
which affected the whole land, indubitably brought themselves
within the provisions of section 381 of the Code of Civil
Procedure. Thus in *People* v. *Morrill,* 26 Cal. 336, it is held
that parties who have a common interest in annulling a patent,
although their interest in the land adverse to the patent is
not joint, may join as plaintiffs in an action to procure its
cancellation. This is well nigh parallel to the case at bar.
While the parties hold their moieties in severalty, they are
seeking the annullment of a deed which equally affects the
lands of both. Our code section in this regard embodies the
rule governing the joinder of parties to an action as enun-
ciated by Judge Story, who says: "The result of the prin-
ciples to be extracted from the cases on this subject seems
to be that where there is a common liability and a common
interest, a common liability in the defendants and a common
interest in the plaintiffs, different claims to property, at least

if the subjects are such as may without inconvenience be joined, may be united in one and the same suit.''

The plaintiffs, other than the brother James, were thus properly joined as plaintiffs in this action. The brother James, as has been stated, appears without any interest whatsoever in the controversy. What result should follow the determination of this fact? Section 578 of the Code of Civil Procedure presents the complete answer to this question. It declares: ''Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves.'' Under the way thus clearly pointed out, the judgment of the court as to James should have been his dismissal from the action, retaining the action as to the other plaintiffs and rendering judgment in their favor, such judgment as, under the findings which the court made, they were clearly entitled to.

It follows, therefore, that the judgment of the trial court must be reversed and a judgment in accordance with the foregoing entered, that is to say, as to the plaintiff James, a judgment dismissing him from the action, as to plaintiffs William Gillespie, representing Dennis Gilfeather and Edward Gilfeather, a judgment in their favor upon the findings made by the court.

It is ordered accordingly.

Angellotti, J., Lorigan, J., Shaw, J., and McFarland, J., concurred.