[Civ. No. 1364.    Third Appellate District.—April 27, 1915.]

GEORGE A. CLOUGH as Trustee, etc., Plaintiff, v. ALL PERSONS, Defendants; MARGARET WILLIAMS, Administratrix of the Estate of Thomas Fagan, Deceased, Appellant; H. H. McCLOSKEY et al., Respondents.

ACTION TO QUIET TITLE—ISSUE OF EQUITABLE COGNIZANCE—TRIAL BY JURY.—Where in an action to quiet title under the McEnerney Act the only issue raised by the answer was that of fraud and undue influence in the procurement of the deed under which a certain claimant claimed an interest in the property, such issue was one of equitable cognizance and the defendant was not entitled to a trial thereof by jury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a motion for a new trial.    J. A. Plummer, Judge presiding.

The facts are stated in the opinion of the court.

Jacob S. Meyer, John L. McNab, Russell P. Tyler, J. E. Alexander, Edwin H. Williams, James H. Hanley, and Louis Ferrari, for Appellant.

N. A. Eisner, Greg S. McEvers, A. E. Bolton, and Percy V. Long, City Attorney, for Respondents.

CHIPMAN, P. J.—This is an action to quiet title to land in the city and county of San Francisco under the so-called McEnerney Act. Plaintiff had judgment as prayed for in his complaint from which defendant Williams, as administratrix, appealed. She also appealed from the order denying her motion for a new trial.

When the case was called for trial defendant Williams (appellant here) requested that the cause be heard before a jury. "The Court: I have read the pleadings and I am of the opinion that the defendant is not entitled to a jury and I therefore deny the demand for a jury trial and order that the trial proceed before the court."

Appellant says in her brief: "The only point raised on this appeal is that of the refusal of the right to a jury trial."

It appears that "plaintiff acquired the title under a trust deed set forth in full in the complaint, the recitals of which showed the grantors to be all the tenants in common, owners of the land, and the interest of each; that the Hibernia Savings and Loan Society held a first mortgage covering all the interests, and a second mortgage covering a part of the interest; also several other mortgages to other parties covering a part of the interests; that the Hibernia Savings and Loan Society had, under the power in its mortgage, advertised the property for sale, to pay the debt due to it; that all the tenants were desirous of a partition sale, payment of the mortgages and division of the remainder.

"The trust-deed provided that the trustee should go into possession—and it is alleged that he did—and instituted proceedings to have the title established under the McEnerney Act; and that he should lease the property to Chas. W. Lentz, from month to month until sold, at a fixed rental; that at any time prior to March 5, 1911, said Chas. W. Lentz should have the right to purchase at a fixed price, payable to the trustee, and upon failure of said Lentz to purchase, then the trustee should sell the property; that from the moneys received by the trustee after paying his expenses and fee, he was to pay off the first mortgage to the Hibernia Savings and Loan Society, and the balance of the money should be paid as in the trust-deed directed."

Prior to the execution of the trust-deed Fagan, appellant's intestate, made a deed to defendant Minnie Tucker of his sixteen-thirtieths interest. She signed the trust-deed, as did

Fagan, also, and the trust-deed provided that the money coming from the Fagan interest should, after the bank was paid, be paid to Minnie Tucker. The only issue raised by Margaret Williams's answer is that the deeds made by Fagan to Minnie Tucker were "procured and accomplished" by fraud and undue influence of Minnie Tucker and her husband and that the trust-deed under which plaintiff claims was obtained under like influence. Williams did not deny the facts alleged by plaintiff and raised no issue on them.

Consistently with her answer, defendant Williams prayed the decree of the court establishing that at his death Fagan was the owner of sixteen-thirtieths interest in said property; that the instruments set out in the answer (from Fagan to Minnie Tucker and said trustee) be declared void and Fagan's interest at the time of his death be ascertained; and that Minnie Tucker held the interest described in said deeds in trust for Fagan.

If appellant was seeking relief under section 3412 of the Civil Code, it "is clearly equitable," as was held in *Angus* v. *Craven,* 132 Cal. 691, 697, [64 Pac. 1091]. But if she was not seeking relief under that section, as was said in *Davis* v. *Judson,* 159 Cal. 121, 127, [113 Pac. 147] : "Whether an action involves legal issues, or issues of equitable cognizance, must depend upon the facts alleged in the particular case, and when the facts alleged here and the issues raised are considered, it is apparent that they are strictly of an equitable nature."

It is not necessary to determine whether a proceeding brought under the McEnerney Act is an action in equity or at law, for no issue involved in the McEnerney portion of the proceeding was raised. The only issue tendered by Williams's answer was that of fraud and undue influence in the procurement of the deeds under which Minnie Tucker claimed an interest in the property. This issue was clearly of equitable cognizance.

It follows that the court did not err in its ruling.

The judgment and order are affirmed.

Burnett, J., and Hart, J., concurred.