[S. F. No. 6964. Department Two.—July 25, 1916.]

IRA M. COBE, Respondent, v. ARTHUR CRANE et al., Appellants; MARKET STREET BANK et al., Defendants to Cross-complaint, and ADAM BECKER, Intervener and Appellant.

QUIETING TITLE—INTERVENTION—PARTIES NOT INTERESTED IN ORIGINAL CONTROVERSY.—In an ordinary action to quiet title, a person claiming to be an owner of an undivided interest in the property, cannot intervene and bring in as defendants new parties between whom and the intervener a controversy existed, unless some party already before the court is interested in or will be affected by the determination of such controversy.

ID.—ABATEMENT — PENDING ACTION — DISSIMILARITY OF PARTIES.—A pending action cannot be pleaded in abatement of a subsequent action, where the actions were not between the same parties, and the parties did not occupy the same relative positions as plaintiff and defendant.

ID.—PLAINTIFF NEED NOT BE IN POSSESSION.—The owner of land does not have to be in possession to enable him to maintain an action to quiet title.

ID.—REFUSAL TO ORDER COMMISSION TO TAKE TESTIMONY—UNREASONABLE DELAY OF TRIAL.—The refusal of the court, at the request of the defendant, to order a commission to take the testimony of the plaintiff, the granting of which would have worked an unreasonable delay in the trial of the case, is not erroneous, where the defendant made no showing of the materiality of the evidence expected to be obtained and that due diligence had been used to procure it.

ID.—RIGHT OF POSSESSION NOT INVOLVED IN ACTION—JURY TRIAL.—In an action simply to quiet title, by a plaintiff in possession, in which the judgment rendered in favor of the plaintiff made no mention of possession, the defendant was not entitled to a jury trial.

APPEAL from a judgment of the Superior Court of San Mateo County, from an order refusing to allow an intervention, and from an order refusing a new trial. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Arthur Crane, C. M. Jennings, and Paul T. Olivier, for Appellants.

P. L. Benjamin, for Respondent.

HENSHAW, J.—Plaintiff sued Arthur Crane, Alice Aalwyn, and Aalwyn's Law Institute, to quiet title to certain described land. He charged the commencement by defendant Crane, in his own name and in the name of Alice Aalwyn, of actions without merit, designed to harass and vex him, to cloud the title to his land and interfere with the sale of it. He charged the Aalwyn's Law Institute to be a mere instrumentality of the defendant Arthur Crane for the accomplishment of this same end, and sought a decree quieting his title against these defendants and enjoining them from further prosecution of any action asserting or claiming any right, title, or interest in or to the land. Defendant Crane filed a pleading which he called a plea in abatement, answer, and cross-complaint. In the plea in abatement Alice Aalwyn declares that she had previously brought a suit against the above-named plaintiff, asserting ownership in fee in herself in the land, and seeking to quiet her title against this plaintiff; that all of the issues raised in the present action "could have been litigated and were litigated in said cause," and prior to the commencement of this action "judgment was ordered in said former action disposing of all of the issues as to the title of the property sought to be litigated in this action as between this defendant and said plaintiff." The pleader here is careful to refrain from stating in whose favor the judgment passed in that action. In fact the judgment passed in favor of the defendants, one of whom was the plaintiff in this action, after general demurrer sustained. The action of the trial court and its judgment have been upheld by this court. (*Alice Aalwyn,* Plaintiff and Appellant, v. *Ira M. Cobe et al.,* Defendants and Respondents, 168 Cal. 165, [142 Pac. 79].) By her own statement to the foregoing effect, that all issues between herself and plaintiff had been litigated, she has eliminated herself from this case.

Adam Becker sought leave to intervene, his attorney in his proposed complaint in intervention being this defendant Arthur Crane, and his complaint in intervention, so far as can be determined from the records, naming as defendants the Market Street Bank, the Market Street Securities Company, Charles W. Smith, Frank B. Sylvester, S. W. Swabey, A. F. Martel, Lyon & Hoag, and fifty others sued as John Does. The plaintiff in the proposed complaint in intervention asserted that he was the owner and entitled to the possession "of an undivided aliquot part of the property," and then proceeded to

set up somewhat incomprehensible averments of fraud and conspiracy, which, so far as they are understandable, appear to be precisely those which Alice Aalwyn attempted in vain to plead, as appears from the case last cited. Leave to file this complaint in intervention was denied, and properly so. (*Alpers* v. *Bliss,* 145 Cal. 565, 570, [79 Pac. 171]; *Clark* v. *Kelly,* 163 Cal. 209, [124 Pac. 846].)

Defendant's answer seems to treat this cross-complaint as an existing pleading in the cause, for the second answer is entitled "Separate Answer and Defense and for Cross-complaint against said Plaintiff and against said defendants to Cross-complaint." So far as the answer is concerned it consists of denials of the material averments of the complaint, not, however, denying the prosecution of all the litigation pleaded nor the adverse decisions rendered upon this litigation, but pleading merely that it was not prosecuted in bad faith nor for the purpose of harassment. There is in this no paragraph alleging any affirmative matter, far less setting up any cross-complaint. The third defense is also pleaded as an "answer and defense for cross-complaint." This pleading again treats all of the defendants impleaded in Becker's cross-complaint in intervention as parties defendant to the existing action, which of course they were not. Aside from this, the material averments are that "said defendant Arthur Crane is the owner and holder of five bonds of $100 and one bond of $50 of the issue of bonds hereinafter referred to. That said bonds are a valid lien and charge upon the real property described in the complaint." Nothing follows to show the nature of the bonds nor how nor when nor where they came to exist, or, if existent, became a lien upon the property. In this condition of the pleadings the court properly sustained the demurrer to Alice Aalwyn's plea in abatement. It did not constitute such a plea. This action was not only not between the same parties, but the parties did not occupy the same relative positions as plaintiff and defendant. (*Ayres* v. *Bensley,* 32 Cal. 630; *Walsworth* v. *Johnson,* 41 Cal. 61, 63; *Helfrich* v. *Romer,* 16 Cal. App. 433, 436, [118 Pac. 458].) And these uncontroverted facts likewise justified the court's refusal to permit the defendant Arthur Crane to amend the so-called plea in abatement under his statement that he was "able to amend the said plea in abatement and state facts sufficient to constitute a plea in abate-

ment to said action''; since, for the reasons given, manifestly he could not do this thing.

Plaintiff's complaint was in the ordinary and usual form to quiet title, to which was added the allegations of the excessive and unwarranted litigation brought and prosecuted by Arthur Crane for purposes of harassment. We are told by appellants that ''it is fatally deficient in that it does not state any possession or right of possession.'' The owner of land does not have to be in possession to enable him to maintain his action to quiet title. (*People* v. *Center,* 66 Cal. 555, [5 Pac. 263, 6 Pac. 481]; *Brusie* v. *Gates,* 80 Cal. 463, [22 Pac. 284]; *Casey* v. *Leggett,* 125 Cal. 664, 672, [58 Pac. 264]; *Reiner* v. *Schroeder,* 146 Cal. 411, 416, [80 Pac. 517].) Of the cases which appellants cite, one, *Ferris* v. *Irving,* 28 Cal. 645, was an action brought under the old Practice Act, which especially provided that the action to quiet title could be brought only by a party in possession. Such of course is not the present law. The other, *Cutler* v. *Fitzgibbons,* 148 Cal. 562, [83 Pac. 1075]., contains nothing that bears on the question.

The court refused to order a commission to take the testimony of plaintiff. To have granted the order would have worked an unreasonable delay in the case. Defendants were served with summons on September 4, 1912, and the action was set for trial on February 20, 1913. Upon the affidavit of Crane the application was made, noticed for, and heard on the following day. Besides the fact that defendant Crane had repeatedly in his pleadings asserted that Cobe was a mythical person, besides the absence of any showing of diligence, there was an absence in Crane's affidavit of any showing of merit or of any statement or claim that the testimony of Cobe was necessary or material to the defendants in the trial of the case. This roving commission for the taking of the deposition of a plaintiff, whose whereabouts the defendants did not even seek to show, would have necessitated a continuance of the case, and that postponement the defendants were not entitled to, excepting after a showing of ''the materiality of the evidence expected to be obtained and that due diligence had been used to procure it.'' (Code Civ. Proc., sec. 595.)

Defendants Crane and the Aalwyn's Law Institute objected to proceeding with the trial upon the ground that it was not at issue as to the defendant to the cross-complaint of A. F.

Martel. There was no cross-complaint and Martel was not a party to the action.

Appellants further complain that they were denied a trial by jury. Plaintiff's complaint was not that of a plaintiff out of possession seeking to recover possession. His action was one simply to quiet title. The evidence showed that plaintiff was in possession. The judgment makes no mention of possession. Of course defendants were not entitled to a jury trial under these circumstances. (*Angus* v. *Craven,* 132 Cal. 691, [64 Pac. 1091].) Appellants, however, assert that if such be the rule of decision in *Angus* v. *Craven,* it is in effect overruled by the later case of *Haggin* v. *Kelly,* 136 Cal. 481, [69 Pac. 140], approving the decision of *Gillespie* v. *Gouly,* 120 Cal. 516, [52 Pac. 816]. *Haggin* v. *Kelly* declared that the action there under consideration was one at law— in form ejectment; that the essential allegations necessary to such an action are the estate of plaintiff, possession by defendants at the commencement of the action and their wrongful withholding, and, says the opinion: "Even if regarded as an action under section 738 of the Code of Civil Procedure, still plaintiffs were entitled to a jury. (*Gillespie* v. *Gouly,* 120 Cal. 515, [22 Pac. 816].)" *Gillespie* v. *Gouly* declares that in an action, though brought under section 738 of the Code of Civil Procedure, if the plaintiff is out of possession and prosecutes his suit against the defendant claiming title and in possession and asks for a restitution of the premises, either party is entitled to a jury trial as matter of right. The inappositeness of these decisions is apparent, but the matter is aggravated by the circumstance that appellants' attorney falsely quotes a sentence as the language of one or the other of these decisions, which language is of course found in neither. The quotation is, "In actions authorized by section 738 either party is entitled to jury trial as matter of right."

It would unduly and unnecessarily extend this opinion to make further mention of the contentions of these appellants. Some of them, as in the instance last cited, are based either upon gross ignorance of or a willful attempt to misrepresent the law.

We have recently had occasion to animadvert on the activities of the defendant Arthur Crane in the matter of litigation

such as this.   We need but refer to the case of *Crane* v. *State Savings & Commercial Bank,* S. F. No. 6951, *ante,* p. 110, [159 Pac. 585.]

The judgment and orders appealed from are affirmed, with damages fixed in the sum of two hundred dollars imposed upon defendant Arthur Crane.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.