[Civ. No. 18084. Third Dist. Dec. 24, 1979.]

MARY ISABEL BEEHLER, Plaintiff and Appellant, v.
WILLIAM G. BEEHLER et al., Defendants and Respondents.

COUNSEL

Mikacich, Schenk & Gale and Stanley J. Gale for Plaintiff and Appellant.

Thomas W. Bell, Jr., for Defendants and Respondents.

OPINION

REYNOSO, J.—May a demurrer be sustained and the action dismissed with prejudice on the basis that there is another action pending when: (1) the first action is for dissolution of marriage, and (2) the second seeks to protect the community assets against defendant husband and several business associates not named in the dissolution action? We hold that there was not an action pending between the same parties (except as to that cause which seeks a declaration of plaintiff's community interest against defendant husband), and thus a demurrer may not be entered. While joinder in the first action of all defendants in the second is permitted by the Rules of Court, it is not required.

Plaintiff Mary Isabel Beehler appeals from a judgment of dismissal entered after the Sacramento County Superior Court sustained without leave to amend the demurrer of defendants William G. Beehler; Pacific Trust Deed Company, Inc.; Samuel Goldhagen; Bernice M. Goldhagen; Maynard Lee Samms, also known as Lee Samms; Pacific Pen Share Investment, Inc.; and Pacific Pen Shares. The trial court sustained the demurrer on the ground that there was another action already pending. Plaintiff contends that the trial court erred in sustaining the demurrer and entering judgment on that ground. Since we agree we reverse and remand the matter to the trial court for further proceedings.

I

In order to consider the issues raised by this appeal it is necessary to understand the particular causes of action articulated in the complaint. In reviewing a judgment of dismissal after a trial court sustains a demurrer we consider that all the allegations of the complaint are true and the question is whether the plaintiff has shown that she may be entitled to some relief. (*Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216].) We thus take the following statement of facts from plaintiff's complaint without regard to whether she may ultimately be able to prove such allegations.

## THE FIRST CAUSE OF ACTION

Plaintiff entered into an agreement with Pacific Trust Deed Company, and others whereby she invested $10,000 in certain land to be developed, and Pacific Trust Deed Company, Inc., agreed to act as trustee in holding title for the investors. Defendant Beehler is the alter ego of Pacific Trust Deed Company, Inc., and defendants Pacific Pen Share Investment, Inc., Pacific Pen Shares, Samuel Goldhagen and Bernice Goldhagen have some interest in the property subsequently purchased.

The property which was purchased is described in exhibit 1 to the complaint (hereinafter referred to as parcel 1). When the property was acquired title was taken in some of the defendants' names, but not in plaintiff's name. After the acquisition of the property some of the defendants sold, transferred, and hypothecated the property, in whole or in part, and portions of the large sums which were thus acquired were diverted to the personal use of some of the defendants and other portions were used to acquire other parcels of land described in exhibits 2 and 3 to the complaint (hereinafter parcels 2 and 3). At all times defendants had knowledge of plaintiff's interest in the property.

Defendants failed and refused to account to plaintiff for the rents, issues and profits of the property and failed to include her as an owner of parcels 2 and 3. Plaintiff sought an accounting of the rents, issues and profits of parcels 1, 2, and 3; to have her ownership declared; to have defendants reimburse her for her shares of the monies derived from such property; and to have defendants ordered to inform her of all matters affecting the ownership, development and sale of the property.

## THE SECOND CAUSE OF ACTION

Plaintiff is the wife of defendant Beehler. During their marriage Beehler formed the corporation known as Pacific Trust Deed Company, Inc., and caused all of the shares to be issued to him. The corporation, the property owned by it, and all of the shares of the stock, are community property. Beehler is the alter ego of the corporation.

Beehler and Pacific Trust Deed Company, Inc., acquired real property, or interests therein, described in exhibits 1 through 8, attached to the complaint (hereinafter parcels 1 through 8). During marriage Beehler made gifts of the properties to defendant Samms and/or defen-

dants Pacific Pen Share Investment, Inc., and Pacific Pen Shares. The transfers were made without plaintiff's consent. Samms knew at all times of Beehler's marital status. Plaintiff sought to have the gifts restored to the community and to have Samms ordered to reimburse the community for all the rents, issues and profits which he has received therefrom.

## THE THIRD CAUSE OF ACTION

Beehler and Pacific Trust Deed Company, Inc., sold parcel 8, located in Lake County, to L & H Investment Company, on or about March 15, 1978. Plaintiff had a community interest in that property and did not join in the conveyance. The property was sold for $500,000, with an initial payment of $200,000. Defendants Beehler, Pacific Trust Deed Company, Inc., Samms, and Pacific Pen Shares took the initial payment without accounting to plaintiff. There is further an outstanding promissory note secured by a deed of trust in the amount of $300,000 in which plaintiff asserts a community property interest.

## II

Defendants filed a demurrer to the complaint on the grounds that (1) the court had no jurisdiction to determine community property interests since plaintiff had filed a petition for dissolution of marriage which was then pending, and (2) there was another action pending between the same parties on the same cause of action, that being the dissolution action. When the matter came on for hearing the trial court took judicial notice of domestic relations file No. 731478 and placed the clerk's file before it. The defendants stipulated to the court that if any of the subject property should be sold 10 percent of the net profit would be placed in a bank account to bear interest at pass-book rates, to be held there until plaintiff could litigate her claim to an interest therein. The court sustained the demurrer on the grounds of another action pending, and suggested that any further action be brought as an ancillary action in the dissolution proceedings. The court finally ordered that the defendants were to keep and give a complete accounting to the court of all transactions involving the subject land upon demand of the court.

Based upon the ruling sustaining the demurrer the trial court entered an order sustaining the demurrer without leave to amend, for expunging lis pendens, and for the deposit of 10 percent of the net profits from the sale of the subject properties pending the determination of plaintiff's in-

terest therein. Based upon the order sustaining the demurrer without leave to amend, a judgment of dismissal was entered and plaintiff appeals.

## III

We will consider first the demurrer as it relates to the causes of action stated against the defendants other than William Beehler.

Code of Civil Procedure section 430.10, subdivision (c) provides that a party against whom a complaint has been filed may file a demurrer to the complaint on the ground that "[t]here is another action pending between the same parties on the same cause of action." The dissolution action involves only plaintiff and defendant Beehler, the other defendants in this action not having been joined as defendants. Defendants contend, nonetheless, that there is an identity of parties because they are in privity with Beehler. An examination of the causes of action herein refutes such a contention.

In the dissolution action the trial court has the jurisdiction to determine whether plaintiff has a community property interest in any of the parcels involved herein, and, if so, to make an appropriate division of the community property between plaintiff and defendant Beehler. (Civ. Code, § 4800; Cal. Rules of Court, rule 1242.) The jurisdiction to determine whether property is subject to division necessarily includes the jurisdiction to determine whether property is separate property of one spouse and hence not subject to division. In the absence of joinder of other parties the trial court does not have the jurisdiction to interfere with any rights acquired or claimed by parties other than the husband and wife. (Cal. Rules of Court, rules 1211 and 1212.)

■ In her first cause of action plaintiff alleged that she had made a separate property investment and that the defendants had failed to account to her for the rents, issues, profits and principal of the investment. While the court in dissolution has the jurisdiction to determine whether, between plaintiff and defendant Beehler, the investment is separate or community property, that determination does not affect the causes of action asserted against the other defendants in this action. There thus is no other action pending between the same parties on the first cause of action.

■ In her second cause of action plaintiff alleged that her husband had made gifts of the community property without her consent, and she sought to set aside those gifts and have the property returned to the community. Plaintiff did not seek to have a community share of the property set aside to her; she sought return of the gifts to the community. (Civ. Code, §§ 5125, 5127.) In the absence of joinder of the defendants in the dissolution action the court in dissolution could not interfere with defendants' claim to the properties. There was thus no pending action against the same parties on the second cause of action.

■ Plaintiff's final cause of action asserts that Beehler and the other defendants had transferred a parcel of community property for cash and a promissory note secured by a deed of trust. Plaintiff alleges that she has a community property interest in the cash and promissory note. To the extent these allegations constitute a cause of action against defendants other than Beehler, plaintiff is merely claiming an interest in the proceeds of the sale. That issue is not before the dissolution court and thus there is not a prior proceeding involving the same parties on the third cause of action.

We have determined that the demurrer was not properly sustained against the defendants other than defendant Beehler. We now consider the demurrer as it affects Beehler. ■ The first cause of the action of the complaint states that plaintiff invested separate property funds and that Beehler, along with the other defendants, had refused to account for the investment. The court in the dissolution action will have the jurisdiction to determine whether the investment was separate property, and if it determines that it was then it will merely confirm the property to plaintiff. Plaintiff will still be required to pursue her cause of action against Beehler and the other defendants in order to enforce her rights. The dissolution court will not enforce those rights in the absence of proper joinder of the parties and causes of action. Plaintiff alleged that the investment was separate property and in considering a demurrer that allegation must be accepted as true. It can thus be seen that the dissolution proceeding does not involve the same cause of action. The dissolution court will merely confirm the investment as plaintiff's separate property and she must still maintain the cause of action for an accounting against Beehler and the other defendants.

■ In her second cause of action plaintiff seeks to set aside gifts of the community assets which she did not consent to. This cause of action is not before the dissolution court. If plaintiff should succeed in setting

aside the conveyances, the property will be returned to the community and hence under the jurisdiction of the dissolution court to divide. Plaintiff does not seek division of that property. This cause of action is thus not before the court in the dissolution proceeding.

In her third cause of action, insofar as it relates to defendant Beehler, plaintiff asserts a community property interest. This is the precise cause of action which is already before the court in dissolution. In this respect the court did not err in determining that the same cause of action was already pending in a prior action.

Although with one exception the same causes of action against the same parties are not already pending in a prior action, it is nevertheless clear that the resolution of the issues in the dissolution action may have an effect on plaintiff's causes of action in this proceeding. Thus the dissolution court may determine that the property involved is not community but is rather defendant Beehler's separate property. Likewise it may make a division of the community assets which awards the subject property to Beehler, adjusting such division by awarding plaintiff other property. The trial court was concerned over this situation and indicated its belief that the defendants herein should have been joined in the dissolution action. While joinder was permissible (Cal. Rules of Court, rules 1250 through 1255), plaintiff chose not to seek to join the defendants in the dissolution action.

Faced with such circumstances, the trial court was not powerless. It could have ordered the actions consolidated thereby providing for resolution of the entire matter in one proceeding. (Code Civ. Proc., § 1048, subd. (a); *McClure v. Donovan* (1949) 33 Cal.2d 717, 722 [205 P.2d 17]. See also 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 961, p. 2539.) Likewise the court could have proceeded with the action, allowing the court in dissolution to settle the property rights between plaintiff and her husband. The court could not, however, sustain the demurrer without leave to amend and dismiss the proceeding. Such a judgment could operate as a bar to future litigation without affording plaintiff a hearing on the merits. In this connection, we note that even if the demurrer had been properly raised due to a prior action pending the court should not have sustained the demurrer without leave to amend and then dismissed the action. It should have issued an order abating the action until the first action had been concluded or dismissed. (*Conner v. Bank of Bakersfield* (1917) 174 Cal. 400, 404 [163 P. 353].)

We determined that the trial court erred in determining that there was a prior action pending between the same parties on the same cause of action except as to the third cause of action insofar as it asserts a community property interest against defendant Beehler. On that cause of action the trial court could properly have entered an order abating or continuing the action until the dissolution action had been concluded or dismissed. If plaintiff gains the relief she seeks in the dissolution action, she will have no interest in proceeding with this action. If she should not prevail in the dissolution action, defendant Beehler can then set up the judgment as a bar to this litigation. Plaintiff's rights, however, will be protected; should the dissolution action for any reason fail to reach judgment (i.e., death of one of the parties or reconciliation of the parties), then plaintiff will not be barred from proceeding with this action.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

Paras, Acting P. J., and Evans, J., concurred.