Filed 11/18/22  Shami v. Shami CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MINA SHAMI, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> OMAR SHAMI, <br><br> Defendant and Respondent. | B319824 <br><br> (Los Angeles County <br> Super. Ct. No. 21GDCV00872) |

APPEAL from an interlocutory judgment of the Superior Court of Los Angeles County, Joel L. Lofton, Judge.  Affirmed.

Law Offices of Ivey McCray and Ivey McCray for Plaintiff and Appellant.

Law Office of Wali Abdul Malik and Wali Abdul Malik for Defendant and Respondent.

_____

In a marriage dissolution action, Omar Shami claimed a particular house was his separate property. As evidence, he offered a quitclaim deed signed by his wife, Mina Shami, conveying the property to him.[1] Mina disputed Omar's claim and contended the house was community property.

Four years later, while the dissolution action was still pending, Mina filed a lawsuit claiming the quitclaim deed was forged, and seeking a 50 percent interest in the house. The trial court sustained Omar's demurrer on the basis that the same issue was before the court in the dissolution action, and abated Mina's lawsuit pending resolution of the dissolution action. On appeal, Mina challenges the order sustaining the demurrer.

We affirm. The parties, issues, and evidence are identical in the two proceedings, and both concern the same primary right, namely Mina's entitlement to the property under dispute. Mina cites no authority that the court in a marriage dissolution proceeding cannot determine the validity of a deed, and fails to show any error on the part of the trial court.

## BACKGROUND

On June 23, 2017, Omar filed a petition for dissolution of his marriage to Mina. The petition requested the family law court confirm as his separate property certain assets listed in an attached property declaration form. This included a house in Duarte (the Duarte house).[2]

---

[1] Because the parties share a last name, for clarity we refer to them by their first names. No disrespect is intended.

[2] The trial court in Mina's action took judicial notice of Omar's dissolution petition, but did not expressly take judicial notice of the property declaration form, which Omar provided to

2

Mina filed a response to the dissolution petition contending there were no separate property assets to be confirmed by the court. She requested that "[a]ll assets listed by Omar Shami as community and separate [property] be declared community property," and "[a]ll rents collected by Omar Shami from the home listed in the property declarations be declared community property . . . ."

Four years later, on June 28, 2021, while the dissolution action remained pending, Mina filed a complaint against Omar for quiet title and constructive trust concerning the Duarte house. The complaint alleged the following: Mina and Omar had purchased the Duarte house in 1998 as a married couple using "community property funds." In the pending dissolution action, Omar was claiming the house was his separate property based on a quitclaim deed purportedly signed by Mina. Mina's signature on the quitclaim deed, however, was a forgery, and the handwriting "appeared near similar" to Omar's own signature on other documents. Mina claimed Omar had forged the quitclaim deed in order to "depriv[e]" her "of her entitled proportion of the community property." Mina requested the trial court declare the quitclaim deed void, and grant her a 50 percent ownership interest in the Duarte house.

Omar demurred to the complaint, contending under Code of Civil Procedure[3] section 430.10, subdivision (c) there was another

_____

the court in a separate filing. To the extent the trial court did not take judicial notice of the property declaration form, we do so now as a record of the family law court. (Evid. Code, §§ 452, subd. (d), 459.)

[3] Unspecified statutory citations are to the Code of Civil Procedure.

action pending between the same parties on the same cause of action, namely the dissolution proceeding. Omar argued Mina's quiet title action sought the same relief she sought in the dissolution proceeding, a determination by the court that the Duarte house was community property rather than Omar's separate property.

Mina opposed the demurrer, arguing the issue of the legality of the allegedly forged deed was not before the family law court in the dissolution proceeding.

The trial court sustained the demurrer under section 430.10, subdivision (c). The court found that the parties and the causes of action were the same in both the dissolution action and the quiet title action. Although Mina framed her claims differently in the quiet title action, the court concluded both actions concerned the same primary right, namely Mina's interest in the Duarte house. "The evidence submitted in the [quiet title] case to establish that the quitclaim is fraudulent would likely be the same evidence as used to establish that the subject property is community property in the [dissolution action]."

The trial court ordered Mina's quiet title action "abated pending the outcome" of the dissolution action, and set for six months later an order to show cause regarding the status of the dissolution action. Mina timely appealed.

## DISCUSSION

### A. Standard of Review

"We review an order sustaining a demurrer de novo. [Citation.] We accept the truth of material facts properly pled in the operative complaint, but not contentions, deductions, or

4

conclusions of fact or law." (*2710 Sutter Ventures, LLC v. Millis* (2022) 82 Cal.App.5th 842, 850.)

## B.    The Trial Court's Order Is Appealable

Under section 430.10, subdivision (c), a defendant may demur to a complaint on the basis that "[t]here is another action pending between the same parties on the same cause of action." "Where a demurrer is sustained on the ground of another action pending, the proper order is not a dismissal, but abatement of further proceedings pending termination of the first action." (*Plant Insulation Co. v. Fibreboard Corp.* (1990) 224 Cal.App.3d 781, 788.) Under section 597, "where . . . a demurrer based upon subdivision (c) of Section 430.10 is sustained . . . an interlocutory judgment shall be entered in favor of the defendant pleading the same to the effect that no trial of other issues shall be had until the final determination of that other action . . . ." The interlocutory judgment is appealable "in the same manner . . . provided by law for appeals from judgments." (§ 597.)

Omar argues Mina's appeal is not proper because the trial court never entered an interlocutory judgment, but merely an order sustaining the demurrer. In support, Omar quotes *Setliff v. E. I. Du Pont de Nemours & Co.* (1995) 32 Cal.App.4th 1525, which states, "An order sustaining a demurrer is not appealable; the judgment of dismissal is." (*Id.* at p. 1533.)

Here we are dealing with an abatement order, not a dismissal, but we will assume arguendo the principle from *Setliff* applies. We nonetheless conclude Mina's appeal is proper. Even in the absence of a formal judgment, " ' "when the trial court has sustained a demurrer [without leave to amend] to all of the complaint's causes of action, appellate courts may deem the order to incorporate a judgment of dismissal, since all that is left to

5

make the order appealable is the formality of the entry of a dismissal order or judgment." [Citation.]' [Citation.]" (*Bullock v. City of Antioch* (2022) 78 Cal.App.5th 407, 411, fn. 1.)  We deem the trial court's order sustaining the demurrer and abating the quiet title action to incorporate an interlocutory judgment under section 597, and will review the order.  (See *Bullock*, at p. 411, fn. 1.)

Mina argues the order is appealable because, despite the abatement language, the order in effect dismisses her entire action.  This is incorrect.  Nothing in the trial court's order indicates a dismissal of any causes of action.  The trial court instead put Mina's complaint on hold pending resolution of the dissolution action.  The order is appealable not as an order of dismissal, but as an interlocutory order of abatement under section 597.

## C. Mina Fails To Show the Trial Court Erred By Sustaining the Demurrer

The crux of Mina's argument on appeal is that the family law court, although having jurisdiction in the dissolution action to determine whether property is separate or community, lacks the power to quiet title and set aside the allegedly forged deed.  She contends she therefore was entitled to bring a parallel civil action to obtain the relief unavailable in the dissolution proceeding.[4]

---

[4] Mina also suggests the order sustaining the demurrer improperly relied on claim preclusion or res judicata.  We have found no language in the trial court's order referring expressly or implicitly to claim preclusion or res judicata, nor does Mina identify any such language.

6

A defendant demurring under section 430.10, subdivision (c) "must show that the parties, cause of action, and issues are identical, and that the same evidence would support the judgment in each case." (5 Witkin, Cal. Procedure (6th ed. 2021) Pleading, § 970, p. 365.) Here, the dissolution action and Mina's quiet title action involve the same parties and address the same issue, namely whether Mina is entitled to 50 percent of the Duarte house. It would appear Mina would rely on the same evidence in both proceedings in order to prove the deed conveying the house to Omar was forged—certainly on appeal Mina does not identify any evidentiary differences between the two proceedings.

Mina argues, "The elements to prove a [quiet title] action are not the same as proving community property interest in a divorce." In determining what constitutes a cause of action, California applies " [t]he "primary rights" theory, under which the invasion of one primary right gives rise to a single cause of action.' [Citations.]" (*Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co.* (1993) 5 Cal.4th 854, 860.) Under the primary rights theory, " 'the "cause of action" is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. . . . Even where there are multiple legal theories upon which recovery might be predicated, *one injury* gives rise to only one claim for relief.' [Citation.]" (*Ibid.*; see *Pitts v. City of Sacramento* (2006) 138 Cal.App.4th 853, 856 [applying primary rights analysis when reviewing demurrer under section 430.10, subdivision (c)].)

The trial court found, and we agree, that the primary right at issue in Mina's quiet title suit was identical to a primary right at issue in the dissolution proceeding—Mina's entitlement to the

Duarte home.  It does not matter for purposes of section 430.10, subdivision (c) that Mina's quiet title action asserts that right under different theories with different elements.

Mina's assertion that the family law court lacks jurisdiction to resolve the property dispute at issue is not supported by the case law.  The family law court has "jurisdiction to divide community property in a dissolution action." (*Askew v. Askew* (1994) 22 Cal.App.4th 942, 961 (*Askew*).)  "[T]he actual division of community property is affected by the characterization of specific assets [as community or separate property], so the issue of characterization also reposes in the family law court." (*Id.* at p. 962.)  Thus, the family law court, acting within its jurisdiction, may determine if the Duarte house is separate or community property, the question at the center of Mina's quiet title action.

The trial court's sustaining Omar's demurrer in deference to the family law court's jurisdiction is consistent with the case law, which holds "when a dissolution proceeding is pending in the family court, another department of the superior court may not act so as to interfere with the family court's exercise of its powers in that proceeding." (*Dale v. Dale* (1998) 66 Cal.App.4th 1172, 1183.)  In *Askew*, for example, the Court of Appeal held that the court in a civil action lacked jurisdiction to impose constructive trusts on properties when the family law court in an earlier-filed dissolution action had yet to characterize the properties as community or separate. (*Askew, supra*, 22 Cal.App.4th at p. 962.)  Similarly, in the instant case the issue whether the Duarte house is community property is before the family law court in the dissolution proceeding, and therefore, the trial court in Mina's quiet title action cannot interfere with that determination.

8

Mina claims "[a]mple case law" indicates that when dissolution actions overlap with quiet title issues, the quiet title claims should be consolidated with the dissolution action rather than abated. Mina's cited case authority does not support these propositions. Rather, as we explain below, the cited authority is inapposite and/or supports the trial court's ruling in the instant case.

In *In re Marriage of McNeill* (1984) 160 Cal.App.3d 548 (*McNeill*), disapproved on other grounds by *In re Marriage of Fabian* (1986) 41 Cal.3d 440, the trial court consolidated the wife's dissolution action with the husband's action seeking, inter alia, to set aside the deed to the couple's residence, to void an earlier marital settlement agreement, and to obtain compensatory and exemplary damages for the wife's alleged fraud. (*McNeill*, at p. 555.) The parties stipulated to an advisory jury hearing "on the issue[ ] of fraud." (*Id.* at pp. 555–556 & fn. 2, italics omitted.) On appeal, the wife challenged the consolidation order, contending the husband's causes of action were not within the statutory scope of a dissolution proceeding. (*Id.* at p. 556.)

The Court of Appeal agreed the husband's claim for damages by statute could not be part of the dissolution proceeding, but nothing prohibited consolidation of that claim with the dissolution proceeding. (*McNeill, supra,* 160 Cal.App.3d at p. 556.) "Here husband sought to void the deed and the agreement, asked for damages resulting from wife's fraud, and sought exemplary damages. Neither the existence of the marital relationship nor the fact wife was contemporaneously seeking a dissolution prohibited husband from his requested relief. Husband could have tested the validity of the deed and agreement in the dissolution or by an independent action.

9

[Citation.] But damages *could not* have been pleaded in the dissolution action; to be compensated for fraud, husband had to file a separate civil action." (*Id.* at p. 557.) The court then cited precedent for the proposition that consolidation "allows issues which could not be raised in the dissolution action nevertheless to be heard concurrently." (*Ibid.*)

*McNeill* concerned the interplay of a dissolution action with a separate action for damages, relief *McNeill* concluded was not available in a dissolution action. It is not instructive here, where Mina has not filed a claim for damages. *McNeill* in fact contradicts Mina's assertion that the court in a dissolution action cannot adjudicate the validity of a deed, stating the husband "could have tested the validity of the deed . . . in the dissolution . . . ." (*McNeill*, *supra*, 160 Cal.App.3d at p. 557.)

Mina notes that in that same sentence, the *McNeill* court stated the husband also could have tested the validity of the deed "by an independent action." (*McNeill*, *supra*, 160 Cal.App.3d at p. 557.) To the extent Mina suggests this language indicates it was improper for the trial court to abate her quiet title action, we disagree. There is no indication that the wife in *McNeill* demurred to the husband's complaint on the ground that his challenge to the deed was duplicative of issues in the dissolution action. " '[C]ases are not authority for propositions not considered.' [Citation.]" (*Howard Jarvis Taxpayers Assn. v. Newsom* (2018) 39 Cal.App.5th 158, 169.) We therefore will not construe the statement that the husband could bring a challenge to the deed in an independent action as addressing the issue presented in the instant case.

Mina contends *Porter v. Superior Court* (1977) 73 Cal.App.3d 793 (*Porter*) held that when determining the order

10

of proceedings between a dissolution action and an action to set aside a deed, "the better method is to abate the division of the property until the independent claim as to the deed transference is ruled upon"—that is, that the family law court should not address disposition of the Duarte house until the trial court resolves Mina's separate action challenging the deed.

Mina misreads *Porter*. In that case, the wife filed a dissolution action in which she claimed the couple's home was community property. (*Porter*, *supra*, 73 Cal.App.3d at pp. 796, 805.) The husband in response contended the home originally was his separate property, and he later deeded it to himself and his wife as joint tenants. (*Id*. at p. 796.) He further claimed his wife had obtained that joint tenancy through fraud or undue influence. (*Id*. at p. 797.)

The husband then filed his own complaint seeking to set aside the joint tenancy deed and establish the home as his sole separate property. (*Porter*, *supra*, 73 Cal.App.3d at p. 797.) After overruling the wife's demurrer on the basis of another action pending, the trial court took the dissolution action off calendar pending resolution of the husband's action to set aside the deed. (*Ibid*.) The wife sought a writ of mandate directing the trial court to proceed with her dissolution action. (*Id*. at p. 795.)

The Court of Appeal began by rejecting the husband's argument that he was entitled to a jury trial, and thus a separate proceeding, on his action to set aside the deed. (*Porter*, *supra*, 73 Cal.App.3d at p. 801.) The appellate court further held the trial court "erred in unconditionally removing the dissolution proceedings from the trial calendar." (*Id*. at p. 805.) The husband, through his separate action, could not "prevent the [trial] court from proceeding with the dissolution action insofar as

11

it involves the status of the parties and the wife's claim that the property is community property.  If she [were] successful in that claim, it would put an end to the matter." (*Ibid.*)

The Court of Appeal noted, however, a " 'general rule [that] the superior court in a divorce proceeding has no jurisdiction to deal with the separate property of the spouses' " unless the spouses consent to that jurisdiction.[5] (*Porter*, *supra*, 73 Cal.App.3d at pp. 804–805.)  Therefore if, as the husband claimed, the home had been his separate property, and "that by the conveyance into joint tenancy, the husband created separate property interests in himself and his wife, there may be a serious question as to whether the court could determine the validity of the deed in the dissolution proceedings over the husband's objection." (*Id.* at p. 805.)

The Court of Appeal then explained the preferred order of proceedings if the trial court in the dissolution action concluded the home was not community property, but the separate property of each spouse by virtue of the joint tenancy.  In that event, "discretion indicates that the court in the dissolution proceedings abate proceedings concerning the property in question, and

---

[5] *Porter* predated what is now codified at Family Code section 2650, which provides that "[i]n a proceeding for division of the community estate, the court has jurisdiction, *at the request of either party*, to divide the separate property interests of the parties" if "held by the parties as joint tenants or tenants in common." (Italics added; see *Askew, supra*, 22 Cal.App.4th at p. 963.)  This statutory section "was intended to close a historical loophole, pursuant to which separate property interests—even those held in joint title between spouses—could only be partitioned in a separate civil action." (*In re Marriage of Braud* (1996) 45 Cal.App.4th 797, 810.)

reserve jurisdiction to act if the property is not disposed of in the collateral action" to set aside the deed. (*Porter*, *supra*, 73 Cal.App.3d at p. 805.) Alternatively, the wife's dissolution action and the husband's action to set aside the deed "could be ordered consolidated." (*Ibid.*)

Porter does not support Mina's contention that her quiet title action should take precedence over Omar's earlier-filed dissolution action. Rather, *Porter* counseled that the trial court first determine in the dissolution action whether the residence was community or separate property. (See *Porter*, *supra*, 73 Cal.App.3d at p. 805.) Only if the trial court determined the residence was held as separate property—in that case through a joint tenancy deed granting separate property interests to each spouse—would it be proper to allow an independent challenge to the deed to proceed, either consolidated with the dissolution proceeding or as a separate action. (*Ibid.*) In contrast, if the wife were "successful in [her] claim" in the dissolution action that the home was community property, "it would put an end to the matter" and render further proceedings in the husband's separate action unnecessary. (See *ibid.*)

Porter therefore supports the trial court's ruling in the instant case, which left it to the family law court in the earlier-filed dissolution proceeding to determine in the first instance whether the Duarte house was community or separate property.

Mina's other cited authority also is unavailing. In *Beehler v. Beehler* (1979) 100 Cal.App.3d 376 (*Beehler*), the wife filed a petition for dissolution. (*Id.* at p. 381.) She then filed a separate lawsuit against the husband and several business associates alleging misconduct in numerous property transactions. (*Id.* at pp. 379–381.) The trial court sustained a demurrer to the

13

complaint based on the grounds of another action pending, i.e., the dissolution action. (*Id.* at p. 381.)

The Court of Appeal held that the demurrer properly was sustained as to the husband on a cause of action pertaining to the couple's community property interests, and "[o]n that cause of action the trial court could properly have entered an order abating or continuing the action until the dissolution action had been concluded or dismissed." (*Beehler*, *supra*, 100 Cal.App.3d at p. 385.) The appellate court otherwise reversed the sustaining of the demurrer, reasoning that the parties and issues in the other causes of action were not before the court in the dissolution action, as required under section 430.10, subdivision (c). (*Beehler*, at pp. 382–384.) Although joinder was permissible, the wife had chosen not to join the defendants other than her husband to the dissolution proceeding. (*Id.* at p. 384.) The Court of Appeal noted the trial court nonetheless could order the actions consolidated, "thereby providing for resolution of the entire matter in one proceeding." (*Ibid.*)

*Beehler*, which held that the trial court properly sustained the demurrer to the second action to the extent it overlapped with the dissolution proceeding, supports the trial court's sustaining of the demurrer in the instant case. To the extent *Beehler* endorsed consolidation, it was in the context of claims asserted against parties other than the husband, or that could not be asserted against the husband in the dissolution action. There are no parties in the instant case apart from Omar and Mina, nor has Mina identified any authority that her cause of action asserting her interest in the Duarte house cannot be adjudicated in the dissolution proceeding.

14

*In re Marriage of Buford* (1984) 155 Cal.App.3d 74, disapproved on other grounds by *In re Marriage of Fabian, supra,* 41 Cal.3d 440, relied on *Porter* and former provisions of the Civil Code to hold that although the court in a dissolution action had jurisdiction to characterize assets as community or separate, it lacked jurisdiction to impose a constructive trust on the wife's separate property in favor of the husband. (*Buford*, at p. 78.) The husband's claim for a constructive trust therefore had to be brought in an independent action, although that action could be consolidated with the dissolution action. (*Id.* at p. 79.)

*In re Marriage of Buford* is distinguishable from the instant case in that the *Buford* husband sought a constructive trust over what had already been determined to be his wife's separate property, and therefore, per the *Buford* court's reasoning, beyond the jurisdiction of the court adjudicating the dissolution. Here, in contrast, Mina, in both the dissolution action and her separate action, seeks to establish the Duarte house as community property, through quiet title, constructive trust, or otherwise. To the extent consolidation was necessary in *Buford* to allow the court adjudicating the dissolution also to adjudicate disposition of the wife's separate property, Mina's lawsuit contending the Duarte house is community property raises no such issue.

In *In re Marriage of Testa* (1983) 149 Cal.App.3d 319, the Court of Appeal held that the trial court erred in ruling that a prior judgment vacating an interlocutory order of divorce also automatically vacated the parties' property settlement agreement. (*Id.* at pp. 320, 322.) The appellate court stated, "The validity of the agreement may still be tested on remand if husband seeks to enforce it or by wife in an independent action."

15

(*Id.* at p. 322.)  The case did not address demurrers or overlapping lawsuits, and is not instructive in the instant case.

*Watkins v. Watkins* (1983) 143 Cal.App.3d 651 held that where an unmarried couple subject to an implied agreement under *Marvin v. Marvin* (1976) 18 Cal.3d 660 later marry, the *Marvin* agreement nonetheless remains enforceable.  (*Watkins*, at p. 652.)  As a matter of background, the Court of Appeal noted the trial court had consolidated the husband's dissolution action with the wife's separate action to enforce the *Marvin* agreement.  (*Watkins*, at p. 653.)  The consolidation order was not at issue in the appeal, nor was there any discussion of overlapping causes of action and abatement, so the appellate court reached no holdings pertinent to the instant case.

Mina contends that *Medeiros v. Medeiros* (1960) 177 Cal.App.2d 69 (*Medeiros*) indicates that "the issue of quiet title must be adjudicated on its own terms, not swallowed in an assessment of community or separate property interests" under the Family Code.  *Medeiros*, which did not involve a marriage dissolution or any family law action, says no such thing.[6]  That case applied the rules from *Thomson v. Thomson* (1936) 7 Cal.2d 671 to determine if the quiet title action at issue was equitable or legal.  (*Medeiros*, at p. 72.)  The appellate court concluded the action was legal in nature, and the plaintiff therefore was entitled to a jury trial.  (*Id.* at p. 73.)  *Medeiros* said nothing about the interrelation of quiet title actions and family law cases.

---

[6] Plaintiff Mary Medeiros and defendant John F. Medeiros were not husband and wife.  The lawsuit concerned the property of the late Manuel Medeiros, to whom Mary Medeiros had been married.  (*Medeiros*, *supra*, 177 Cal.App.2d at p. 71.)

16

Apart from these unavailing cases, Mina points to no statute, case law, or other authority suggesting the court in a dissolution action cannot set aside a deed or quiet title as part of its determination that a particular asset is community property. In the absence of citation to authority supporting her contentions, Mina provides no basis to reverse the trial court. (*Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1006 [appellant has burden to demonstrate error].)

Mina argues that the fraudulence of the deed must be adjudicated in a separate trial, citing Civil Code section 1572, which lists conduct constituting "[a]ctual fraud." That code section says nothing about procedure, much less separate trials, and thus does not suggest that a court in a dissolution action cannot determine the validity of a deed.

Mina argues she had a right to file a separate action and doing so was not in bad faith. We see no indication the trial court's ruling was based on a finding of bad faith, nor does our holding here depend on any such finding.

Mina argues, "If the divorce action is dismissed without a resolution [of] the ownership or community property interest decided, and if the demurrer is sustained without leave, the entire quiet title action will face legal challenges as to whether res judicata occurred upon refiling the quiet title action, or when a second divorce action is filed." To the extent Mina is concerned that a dismissal of her quiet title action would pose problems should the dissolution action not resolve all issues, we reiterate that the trial court did not dismiss her quiet title action, but merely put it on hold pending resolution of the dissolution action.

17

## DISPOSITION

The interlocutory judgment is affirmed. Omar Shami is awarded his costs on appeal.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.*

---

    **\*** Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.